### GENERAL ELECTRIC CO. v. BULLOCK ELECTRIC MFG. CO. et al.

(Circuit Court, S. D. Ohio, W. D. February 19, 1906.)

No. 5,653.

PATENTS—INVENTION—ELECTRIC MOTOR.

    The Parcelle patent, No. 463,704, for an electric motor and dynamo, is void for lack of patentable invention; the manner of fastening the yoke and the laminated core, which is its essential feature, having been adapted from prior devices without change of form or functions of the parts.

In Equity. Suit for alleged infringement of claim 1 of letters patent No. 463,704, granted to Albert L. Parcelle, November 24, 1891, and now owned by the complainant.

Richardson, Herrick & Neave, for complainant.

Stem, Heidman & Mehehope and C. V. Edwards, for defendant.

THOMPSON, District Judge. Claim 1 reads as follows:

"(1) The combination, with the yoke, of a laminated core, the bar, 'C,' passing through the laminations of the core, and a securing bolt or bolts passing through the yoke and into said bar."

The elements of the combination are the yoke, the laminated core, and the means for securely fastening the core to the yoke. Prior to the date of the patent in suit, the means for such fastening, known to the art, consisted in (1) making the cores integral with the yoke and laminating the whole structure; (2) casting the laminated core into the yoke; (3) screwing bolts directly into the laminated core; and (4) bolting into the side plates of the core. In the device of the patent in suit the fastening is made by bolting directly into the laminated core, and it is claimed that the manner in which it is done shows invention. The instability of the material and the difficulty of forming threads in the hole made the old method inefficient, and to meet this situation Parcelle presented a different method, which furnished a much stronger fastening. The employment of bar, C, of claim 1, is the distinguishing feature of this method, and the one upon which the question of patentable invention turns. Its office and purpose, as defined by the complainant's expert, Bentley, is:

"The maintenance of the form of the pole-piece and the connection of it to the yoke in a manner which will subserve the electrical and magnetic requirements."

In the light of the prior art, as illustrated by the teachings of the inventions of Schmid, Storey, Bradley, and Dreskell, no question of interference, with the prevailing electrical and magnetic require-

ments, was presented, by the employment of the bar, C; and the problem to be solved—namely, how to provide a stronger, more rigid, more reliable union between the yoke and the cores—was merely one of mechanical construction. It was solved by transferring from the mechanical arts a well-known device employed in practically the same manner by Dodge in the pulley covering device of his letters patent No. 348,270, dated August 31, 1886. No change in form had to be made to adapt the device to the new application. No difficulties of adaptation had to be cleared away (see Standard C. & W. Co. v. Caster S. Co., 113 Fed. 164, 51 C. C. A. 109), in order to apply it to the use in question, and it performs the same function in both uses of uniting and maintaining the connection of the parts. Its existence was within the knowledge, and its transference within the capacity, of the skilled mechanic, without invention.

Patentable invention is not shown, and the bill will be dismissed.